UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:18-cr-00081-GFVT-MAS-2 |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| VICTOR-AUREL GRAMA, ) | **&** |
| ) | **ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Grama's Motion for a Sentence Reduction and Appointment of Counsel. [R. 1565.] Mr. Grama has requested to modify his sentence pursuant to Amendment 821 of the Sentencing Guidelines, which the Sentencing Commission has made retroactive. The Government agrees that Mr. Grama is eligible for a sentence reduction, but contends that the 18 U.S.C. § 3553(a) sentencing factors support his current term of imprisonment. [R. 1588.] For the reasons that follow, Mr. Grama's Motion for a Sentence Reduction [R. 1565] is **GRANTED**.

**I**

On January 9, 2023, Defendant pled guilty pursuant to a plea agreement to Count One, Conspiracy to Commit a RICO Offense in violation of 18 U.S.C. § 1962(d), of the Superseding Indictment. [R. 1521; R. 1523.] He was sentenced under the 2021 Guidelines Manual on November 21, 2023, to 78 months' imprisonment with no supervised release to follow. [R. 1543; R. 1546.] On February 6, 2024, Mr. Grama, *pro se*, filed with this Court his "Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2)." [R. 1565.] The Probation Office

concluded that Defendant Grama may be eligible for a sentence reduction pursuant to the 821 Amendment. Grama's original offense level was 28 which, with his criminal history category of I, gave him a guidelines imprisonment range of 78 to 97 months. Under the Amended Calculation using the 2023 Guidelines Manual, Grama's offense level declined to 26, giving him a guidelines imprisonment range of 63 to 78 months. Notably his 78-month sentence falls within both ranges. The Government objected and argued that while Grama is eligible for a sentence reduction, the sentencing factors in 18 U.S.C. § 3553(a) still support a sentence of 78 months. [R. 1588.] As the underlying factual issues complicate consideration of the § 3553(a) factors, the Court ordered that Grama be appointed counsel and that said counsel file a brief in support of Grama's motion. [R. 1653; R. 1655.] Counsel for Grama has now done so, [R. 1670], and the matter, having been fully briefed, is now ripe for review.

## II

The Supreme Court has held that section 3582(c) establishes a two-step inquiry. *See Dillon v. United States*, 130 S.Ct. 2683, 2691 (2010). At step one of the inquiry, the court must determine the defendant's eligibility for a sentence modification under the Sentencing Commission's policy statements and the extent of reduction authorized. *Id.* If a defendant is eligible for a sentence reduction, then under step two of the inquiry the court must consider the section 3553(a) factors and determine whether, in its discretion, the authorized reduction is warranted under the circumstances. *Id.* at 2692.

### A

In Part B of Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added a two-point offense level reduction in U.S.S.G. §4C1.1 for offenders with zero criminal history points who are not otherwise disqualified under U.S.S.G. §4C1.1(a)(2)-(10). This

amendment retroactively applies to eligible defendants previously sentenced with release dates after February 1, 2024. *See* U.S.S.G. §1B1.10. Per the Bureau of Prison's website, Defendant's current sentence expiration date is June 16, 2027. The Defendant, Probation, and the Government all agree that he is eligible for consideration of a sentence reduction under Part B of Amendment 821. [R. 1565; R. 1588 at 3-4.] The Government notes that while the overall fraud scheme Grama participated in caused "substantial financial hardship," they concede that they are "unable, at this time, to prove Defendant 'personally cause[d]' the 'substantial financial hardship,' which is required for disqualification under U.S.S.G. §4C1.1(a)(6)." [R. 1588 at 4.]

**B**

Having determined that Grama is eligible for a sentence reduction, the Court next considers whether the reduction is warranted in this case. The Court finds that 18 U.S.C. § 3553(a) weighs in favor of such a reduction. Under Section 3553(a), the Court evaluates whether a reduced sentence would be sufficient, but not greater than necessary, based on the listed statutory factors, including: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; and (3) the need for the sentence imposed to promote respect for the law, deter criminal conduct, and protect the public from the defendant's future crimes. 18 U.S.C. § 3553(a). The notes to Section 1B1.10 additionally direct consideration of "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." U.S.S.G. § 1B1.10 n.1(B)(ii)–(iii).

Grama's counsel argues that one of the "factors considered is the advisory guideline range itself," and notes that Grama was on the low end of his previous Guidelines sentence. [R. 1670 at 2-3.] Grama takes this to suggest that "had the initial guidelines been the current 63 to

3

78, this would have impacted the Court's analysis, and the Defendant would not necessarily have received a sentence at the highest end of the applicable guideline range." *Id*. Thus, he requests a reduction to the low end of the new Guidelines range, 63 months. Grama also contends that other factors support a lower sentence, including his positive post-sentencing conduct, his young family in Romania, his lack of criminal history, and his ability to work and pay restitution. *Id*. at 3-4.

In this case the Court agrees that a sentence reduction is warranted. As the Court explained at sentencing, a bottom of the Guidelines sentence appropriately balances the 3553(a) factors as applied to Grama's conduct and circumstances. While Grama's conduct was unacceptable, he had no prior criminal history. Furthermore, he retains the ability to work and pay restitution. The Court noted Grama's (legal) entrepreneurial mindset and business pursuits at sentencing and believes those factors also point towards a reduction in sentence, especially given the significant restitution at issue in this case. As the Guidelines recommendation shifts, so too should Grama's sentence. The Court also took into account at sentencing the fact that Grama, as a non-citizen, does not receive the benefit of good time credit, a potentially significant difference in time served toward a sentence. Yet the record here reveals good conduct by Grama while incarcerated, a development the Court finds encouraging.

## III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Mr. Grama's Motion for Sentence Reduction **[R. 1565]** is **GRANTED;**

2. The Court's previously imposed Judgement **[R. 1546]** is **AMENDED**; and

3. Mr. Grama's previously imposed sentence of imprisonment of 78 months **SHALL** be

4

reduced to **63 months**.

This the 1st day May, 2025.

Gregory F. Van Tatenhove
United States District Judge